# William Long, plaintiff in error, *vs.* Gabriel Long, (for use of Walling) defendant in error.

### *Error to Muscatine.*

Where a defendant in the court below, neglects for several terms, to move to have a case which has been remanded for a new trial, docketed, and disposed of, he will not be permitted to have it stricken from the docket at the first term the plaintiff has placed it there.

All the facts necessary to an understanding of this case, are contained in the opinion of the court.

WHICHER, for plaintiff in error.

WOODWARD, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—From the bill of exceptions it appears, that this case having been tried in the District Court of Muscatine county, at its June term, A. D., 1839, it was taken to the Supreme Court and reversed at the July term of the following year. A new trial was ordered and the writ of procedendo filed in the office of the clerk of the court below, on the 13th of September, 1841. The original note and declaration being attached together, have not been on file since the decision of the Supreme Court, and seem not to have been within the reach of the plaintiff below.

At the October term, 1843, the case was docketed in the court below for the first time since it had been sent down from the Supreme Court. Thereupon the counsel for the defendant moved to strike the case from the docket, for the alleged reason that the same had in effect been discontinued. This motion being overruled, the case was brought here to test the correctness of that decision.

The defendant certainly should be permitted to bring litigation to an end, and not be compelled to remain in court, term after term, to suit the pleasure of the plaintiff. Nor does the practice of our courts permit such oppression. He might at any time after the case was remanded, have moved to have it docketed and (after a reasonable time) disposed of. Without taking this course, he remained passive until several terms had elapsed, and as soon as the case was docketed, moved at once for an order of discontinuance. We think the motion was premature.

In England and New York, the same power is not given to the defendant as to the plaintiff in urging a case to trial. The plaintiff has the privilege, when a case is called in its order, of saying whether it shall or shall not be then tried. But to prevent too great abuses arising from this source, the defendant is permitted, after the lapse of a reasonable time, if no trial is had, to move for judgment as in case of nonsuit; a motion substantially the same as that made and overruled in the court below. The reasons for establishing such a rule there, do not therefore apply here where each party has an equal right to urge on a case to trial, and ought therefore, to be regarded as equally responsible for delay. The decision of the court below, will therefore be affirmed.